# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Jeffrey Alton Phillips, Respondent.

Appellate Case No. 2024-000457

---

Opinion No. 28231
Submitted August 1, 2024 – Filed August 14, 2024

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel William M. Blitch, Jr., and Deputy Disciplinary Counsel Ericka McCants Williams, both of Columbia, for the Office of Disciplinary Counsel.

Joe A. Mooneyham, of Mooneyham Berry, LLC, of Greenville, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension not to exceed six months.  We accept the Agreement and suspend Respondent from the practice of law in this state for six months.  The facts, as set forth in the Agreement, are as follows.

**I.**

At the time of the misconduct giving rise to this proceeding, Respondent was employed as an assistant solicitor in the Thirteenth Judicial Circuit Solicitor's Office.  On April 27, 2022, Respondent's friend (Friend) made a post on Facebook

about her reluctance regarding jury service.  In response to her post and comments to her post, Respondent wrote:

> Y'all STOP!! We NEED good jurors! We don't want to be left with only those 'not smart enough' to get out of jury duty! I don't want to hear ANYONE complain about unfair jury verdicts or the system when you try to subvert it.  Sorry but not really. Love ya mean it!

On July 18, 2022, Friend was selected as a juror in a criminal case.  Respondent was not involved in the prosecution of the case, but the case was being prosecuted by two other assistant solicitors in the Thirteenth Judicial Circuit Solicitor's Office.  Friend did not disclose her friendship with Respondent in response to the trial judge's questions during jury *voir dire*.

On the evening of July 18, 2022, Friend sent Respondent a text message informing him that she was selected for the jury.  Later that night, Respondent responded by indicating it was good she had gotten selected because "We need good jurors like you!"  Respondent also asked Friend questions about the case.  Friend responded that she could not discuss the case and that Respondent should know that.  Respondent continued to ask Friend questions about who the judge was, who the prosecuting attorneys were, and who the defense lawyer was; however, Friend did not know the answers to the questions.

During one text exchange, Respondent and Friend wrote:

> Respondent:  He's probably represented by the public defender.
>
> Friend:  Probably he looks dirt poor.
>
> Friend:  That public defender though is fun to watch.  He's a real smart ass. [H]e's [the] only thing that's keeping me from falling asleep lo[l].
>
> Respondent:  Don't go feeling sorry for him now!
>
> Friend:  Shoot. No way I'm feeling sorry for him. [B]ut the defense is really working for him.

In another text message, Respondent wrote: "Keep in touch. Don't say anything so you don't have to answer the question tomorrow and get us both in a lot of trouble!"

The following day, July 19, 2022, Respondent advised other assistant solicitors of his communications with Friend. Those solicitors advised Respondent to report the conduct to the trial judge. As a result of Respondent's report to the trial judge, Friend was removed from the jury. The defendant in the case subsequently reached an agreement to plead guilty to resolve the charges against him. Respondent was placed on interim suspension on July 26, 2022. *In re Phillips*, 437 S.C. 88, 876 S.E.2d 701 (2022).

Respondent represents that he was under the mistaken belief that he could communicate with Friend as long as they did not discuss the facts of the case. Respondent is now aware of his error.

## II.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.4(c) (prohibiting a lawyer from knowingly disobeying the rules of a tribunal); Rule 3.5(b) (prohibiting ex parte communications with jurors); Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice.

Respondent also admits his misconduct is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (prohibiting violations of the Rules of Professional Conduct); and Rule 7(a)(5) (prohibiting conduct tending to pollute the administration of justice or bring the courts or the legal profession into disrepute).

## III.

We find a six-month definite suspension is the appropriate sanction. *See In re Nelson*, 406 S.C. 201, 750 S.E.2d 85 (2013) (imposing a six-month definite suspension for an attorney who engaged in improper ex parte contacts with a cousin serving as a juror). Accordingly, we accept the Agreement and suspend Respondent from the practice of law for a period of six months, retroactive to July 26, 2022, which is the date Respondent was placed on interim suspension. Within

thirty days of the date of this opinion, Respondent shall pay or enter into a reasonable agreement to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**